# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE LEE SHEPLER, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2: 16-cv-1470 |
| v. | ) ) United States Magistrate Judge ) Cynthia Reed Eddy |
| THOMAS ELBEL, Warden, et al. Defendants. | ) ) ) ) |

## MEMORANDUM OPINION and ORDER[1]

Plaintiff, Shane Lee Shepler ("Plaintiff" or "Shepler"), is a former state prisoner who appears *pro se* and was granted permission October 19, 2016 to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 10.) The Second Amended Complaint was filed on March 30, 2017 (ECF No. 49), and alleges deliberate indifference to his medical needs pursuant to 42 U.S.C. § 1983. Shepler alleges while incarcerated due to a probation violation he was not treated for an injured neck and suffered allergies due to mold in the jail. He finds fault with the slowness in obtaining his medical records from outside medical providers.

On April 13, 2017, Defendants filed motions to dismiss with briefs in support (ECF Nos.

---

[1] Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Consent of all parties to a case gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D.Pa. 2007). "[S]o long as consent [to Magistrate Judge jurisdiction] is clear and unambiguous, it is effective." *In re Search of Scranton Hous. Auth.,* 487 F.Supp.2d at 535; *Roell*, 538 U.S. at 591 (consent may be inferred from parties' actions). All parties have filed election forms consenting to jurisdiction before a United States Magistrate Judge.

1

51, 52, 54, 55). On that same day, we ordered Plaintiff to file responses to said motions on or before May 17, 2017, stating "Plaintiff is cautioned that if he does not comply with this Order, the motions will be decided without the benefit of his responses." (ECF No. 56). This Order was mailed to Plaintiff at his address of record at the time, at SCI- Forest. On April 20, 2017, Plaintiff filed a Notice of Change of Address indicating that as of April 24, 2017 he would be residing at a street address in Coalport, PA. (ECF No. 57). The Court later received Plaintiff's "notice of intention to proceed with lawsuit" (ECF No. 62) from the same Coalport, PA address.

On October 4, 2017 the Court, not having received any response to the motions to dismiss from Plaintiff, entered an Amended Text Order instructing that "[d]ue to Plaintiff's change of address, it appears that he may not have received the original Response/Briefing Schedule (56), a copy of which is attached. In an abundance of caution, Plaintiff will be given an extension of time until October 20, 2017 to file his response to the motions. Defendants, if they so choose, may file a reply by October 27, 2017. Plaintiff is cautioned that if he does not comply with this Order, the motions will be decided without the benefit of his responses." (ECF No. 63). That Amended Text Order was mailed to Shepler at his last known address in Coalport, PA. It was returned to the Court as "Return to Sender" dated October 17, 2017 (ECF No. 65). Our subsequent Order to Show Cause dated October 27, 2017 (ECF No. 66) which explained that failure to comply with the order will result in dismissal of this action, was returned to the Court marked as undeliverable. (ECF No. 68).

Plaintiff has not responded to any of the dispositive motions, nor has he sought an enlargement of time within which to respond or communicated with the Court in any fashion.

A plaintiff's failure to comply with court orders may constitute a failure to prosecute the action, rendering the action subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule C except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 C operates as adjudication on the merits.

Fed. R. Civ. P. 41(b).

By its plain terms, a district court has the power to dismiss a claim of a plaintiff pursuant to Fed R. Civ. P. 41(b) on motion of a defendant, for failure to comply with an order of the court. A federal court also has the inherent authority to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Mindek v. Rigatti,* 964 F.2d 1369 (3d Cir. 1992) (dismissal was appropriate response to deliberate defiance of court orders where district court judge determined that no other sanction would adequately insure future compliance). *See also Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) ("authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Link* 370 U.S. at 630–31).

In determining whether to dismiss an action for failure to prosecute, the court must

balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1994). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

*Poulis* does not, however, "provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed" by the Court of Appeals for the Third Circuit. *Mindek*, 964 F.2d at 1373. The decision is committed to the sound discretion of the trial court, *Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 230 (3d Cir. 1998), and a great deal of deference will be given the district court which is in the best position to weigh all of the *Poulis* factors and any other pertinent matters. *Mindek*, 964 F.2d at 1373 ("the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.").

Moreover, the Court of Appeals for the Third Circuit has recognized that "no single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. S*ee also Allen v. American Fed. of Gov't Emp.*, 317 Fed. App'x 180, 181 (3d Cir. 2009)

4

(holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the *Poulis* factors when plaintiff failed to file an amended complaint as ordered by the court).

With the above principles as our guidepost, this Court will review the *Poulis* factors in this case, *seriatim*.

(1) The extent of the party's personal responsibility. The court notes that the plaintiff is proceeding *pro se*. Hence, he bears sole responsibility for the failure to file any response to two dispositive motions to dismiss.

(2) Prejudice to the adversary. Plaintiff's failure to respond to Defendants' serious motions for dismissal prejudices defendants who remain in limbo and must continue to endure the anxiety associated with this type of litigation. While the prejudice would not appear to be overwhelming, this factor weighs slightly in Defendants' favor.

(3) History of dilatoriness. This case was filed well over a year ago, and other than his failure to respond to the two dispositive motions, there is not much of a history of dilatoriness. Thus, this factor is not significant, although it is certainly some indication that Plaintiff has lost interest in his action.

(4) Whether the conduct of the party or the attorney was willful or in bad faith. In the absence of any communication from Plaintiff or response to any of the two dispositive motions, the Show Cause Order and other directives, it is not possible to determine if the failure to respond was willful or in bad faith. Thus, this factor is a neutral consideration.

(5) Effectiveness of sanctions other than dismissal. If Plaintiff has in fact lost interest in pursuing his case, which would appear to be the case, it seems there is little else to do. His

civil action has been challenged by all Defendants, and yet he has not responded to the real threat of dismissal posed by the motions.

(6) Meritoriousness of the claim or defense. Plaintiff faces some major obstacles in his lawsuit, including but not limited to whether the alleged conduct rises to the level of deliberate indifference under the Eighth Amendment, whether the individual defendants had the requisite personal involvement in his treatment or lack thereof, and whether supervisory liability can be imposed on certain defendants.

At least four of the six *Poulis* factors weigh strongly in favor of dismissal. Accordingly, this action should be dismissed with prejudice for Plaintiff's failure to prosecute.

AND NOW, to-wit this 16th day of November, 2017, it is hereby ORDERED that this case is DISMISSED WITH PREJUDICE.


Date: November 16, 2017                                    *s/ Cynthia Reed Eddy*
                                                          Cynthia Reed Eddy
                                                          United States Magistrate Judge


c cc:   SHANE LEE SHEPLER
        Tomorrow's Hope
        6260 Heverly Blvd.
        P.O. Box 395
        Coalport, PA 16627

        Counsel of record via CM-ECF